WHITE LUMBER & MILLWORK CORP., in Behalf of Itself and in Behalf of All Other Persons Entitled to Share in Funds Received by Josephine Andreola and Another, Owners, From the Conveyance of Property Owned by Them and in the Funds Received by G. J. A. CONSTRUCTION CORPORATION, From the Said Owners in Connection with the Improvement of Aforesaid Real Property, Appellant, v. JOSEPHINE ANDREOLA et al., Respondents.— In a representative action by a materialman against the owners of real property and the general contractor to enforce trusts, pursuant to article 3-A of the Lien Law, defendants moved to open their default in pleading and to vacate the judgment entered thereon after inquest before the court. Plaintiff appeals from an order granting said motion, on terms, to the extent of opening the

default and granting leave to serve an answer. Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. Although plaintiff demanded that defendants serve a statement of account in April, 1955, about seven months before the action was begun and before defendant George Andreola allegedly took sick, no such statement has been furnished to date. During the seven-month interval between the service of the complaint and the entry of judgment, the numerous letters and notices sent by plaintiff's attorneys to defendants and their attorneys were ignored, except for one telephone call by defendant George Andreola after he had been notified that an application to punish defendants for contempt was imminent. Although one member of the firm of attorneys representing defendants was ill and unable to function when the judgment was entered and thereafter until his death, there is nothing to show that his partner was unable to communicate with plaintiff's attorneys. No proposed answer was submitted on the application to open the default herein, and the only indication of the existence of a good defense is a statement by defendants that they suffered a deficit on the project. In our opinion, the default was willful, intentional and deliberate, and not inadvertent or excusable. In addition, there is not a sufficient showing of merit. Nolan, P. J., Wenzel, Murphy, Ughetta and Hallinan, JJ., concur.